**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Labrier, an Arizona Resident, | No. CV 12-1934-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Victoria Properties, Inc.; Vision Offices – Corporate Village, LP, an Arizona Limited Partnership, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to Amend Her Verified Complaint (the "Motion") (Doc. 16), Defendants' Motion for Summary Judgment (Doc. 20), Plaintiff's Request for Leave to File a Surreply in Opposition to Defendants' Motion for Summary Judgment (Doc. 32), and Plaintiff's Motion to Determine the Pending Motions together (Doc. 23).

Defendants have filed a Response to Plaintiff's motion to Amend (Doc. 18), and Plaintiff has filed a Reply (Doc. 19). Plaintiff has filed a Response to Defendants' Motion for Summary Judgment (Doc. 26), and Defendants have filed a Reply (Doc. 30). Finally, Defendants have filed a Response Opposing Plaintiff's Request to File Surreply (Doc. 33). The Court now rules on the motions.

**I.     BACKGROUND**

Plaintiff Elizabeth Labrier filed a Complaint on September 12, 2012. (Doc. 1).

Defendants Victoria Properties, Inc. and Vision Offices – Corporate Village, LP filed their Answer on October 4, 2012. (Doc. 5). On December 17, 2012, the Court issued a Scheduling Order, which included a deadline to amend the Complaint by January 11, 2013. (Doc. 15). Plaintiff filed the pending Motion on January 3, 2013, a date within the January 11, 2013 deadline. (Doc. 16).

In her Motion, Plaintiff requests leave to amend her Complaint in two ways. (Doc. 16). First, Plaintiff requests leave to add two defendants: Vision Offices Executive Suites, LP ("Vision Executive") and its general partner Windsor Investments, LLC ("Windsor"). (Doc. 16). Second, Plaintiff requests leave to add a new cause of action alleging that Vision Executive and Windsor are the alter ego of named Defendant Victoria Properties, Inc. (Doc. 16). Defendants do not oppose Plaintiff's Motion to amend the Complaint to add Vision Executive and Windsor. (Doc. 18). Defendants do, however, ask to be dismissed from the case if the Court grants Plaintiff's request for leave to add Vision Executive and Windsor and denies Plaintiff's request for leave to add an alter ego cause of action. (Doc. 18).

Defendants oppose Plaintiff's Motion to amend the Complaint to add a new cause of action alleging that Vision Executive and Windsor are the alter ego of Victoria Properties, Inc. on the basis that the proposed amendment is futile because Plaintiff has failed to allege sufficient facts. (Doc. 18). In her Reply, Plaintiff argues that the proposed amendment does allege sufficient facts to prevent a finding of futility. (Doc. 19).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs motions to amend pleadings to add parties or claims before trial. Rule 15(a) states:

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

- 2 -

1    Because Plaintiff filed the pending Motion outside Rule 15(a)(1)'s 21-day limits and
2 Defendants have not given their written consent for the amendments, Plaintiff may only
3 amend her pleading with the Court's leave.

4    Although the Court has discretion to grant or deny a party's motion for leave to amend
5 a pleading, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so
6 requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The
7 Ninth Circuit Court of Appeals has stated, "this policy is to be applied with extreme
8 liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).
9 The Ninth Circuit has also noted that the "liberality in granting leave to amend is not
10 dependent on whether the amendment will add causes of action or parties." *DCD Programs,*
11 *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

12    The extremely liberal policy in favor of amendments is not completely without
13 limitations. The Ninth Circuit Court of Appeals has stated that a court "determines the
14 propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith,
15 undue delay, prejudice to the opposing party, and/or futility. Generally, this determination
16 should be made with all inferences in favor of granting the motion." *Griggs v. Pace Am.*
17 *Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (internal citations omitted). "The party
18 opposing amendment bears the burden of showing prejudice" or one of the other reasons for
19 denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

20 **III.  DISCUSSION**

21    **A.  Plaintiff's Motion to Consider Plaintiff's Motion to Amend the Complaint and Defendants' Motion for Summary Judgment Together (Doc. 23)**

22

23    The Court will grant Plaintiff's motion to consider her Motion to Amend and
Defendants' Motion for Summary Judgment together.

24    **B.  Plaintiff's Motion to Amend the Complaint (Doc. 16)**

25        **1.  THE ADDITION OF NEW PARTIES**

26    Defendants do not oppose Plaintiff's Motion to amend the Complaint by adding
27 Vision Executive and Windsor as defendants. Because Defendants have suggested no reason
28

1 and the Court has found no reason to deny Plaintiff's Motion to amend by adding new parties
2 to the Complaint, Plaintiff is entitled to add Vision Executive and Windsor as defendants.

### 2. THE ADDITION OF A NEW CAUSE OF ACTION

Plaintiff also seeks to amend the Complaint by adding an alter ego cause of action. Defendants oppose the addition of the alter ego cause of action on the basis that it would be futile. Although Defendants argue that Plaintiff's amendment would be futile because she has failed to meet the pleadings standard in asserting the new alter ego cause of action, Defendants have not demonstrated that Plaintiff has asserted insufficient facts in her amended complaint to support an alter ego claim. Furthermore, Defendants have not directed the Court to any case in which futility of amendment was established by failure to meet the pleadings standard. Given that Defendants have the burden of establishing the futility of Plaintiff's amendment and that motions for leave to amend are to be granted liberally, Plaintiff is entitled to add an alter ego cause of action.[1]

### C. Defendants' Motion for Summary Judgment (Doc. 20)

Because this Court will grant Plaintiff's Motion to Amend the Complaint, Defendants' Motion for Summary Judgment is rendered moot. Accordingly, the Court will deny Defendants' Motion without prejudice.

### D. Plaintiff's Request to File a Surreply (Doc. 32)

Plaintiff's request to file a surreply is also moot. Therefore, the Court will deny Plaintiff's request.

### IV. CONCLUSION

//

//

---

[1] Having found in favor of granting Plaintiff's motion for leave to amend to add the alter ego cause of action, the Court need not address Defendants' request that they be dismissed from the case if Plaintiff were entitled to add the new defendants but not the new cause of action.

Based on the foregoing reasons,

**IT IS ORDERED** granting Plaintiff's Motion to Determine Pending Motions Together (Doc. 23).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to Amend Her Complaint (Doc. 16) to add as defendants Vision Offices Executive Suites, LP and Windsor Investments, LLC and to add an alter ego cause of action.

**IT IS FINALLY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 20) is denied without prejudice, and Plaintiff's request to file a surreply (Doc. 32) is also denied.

DATED this 12th day of July, 2013.

James A. Teilborg
Senior United States District Judge